IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ASHLEY DENISE HAVILAND,

         Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

         Defendant.

Case No. 15-CV-238-FHM

**OPINION AND ORDER**

Plaintiff, Ashley Denise Haviland, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's October 4, 2012, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Luke Liter was held September 16, 2013. By decision dated November 21, 2013, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 2, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 26 years old on the date of alleged onset of disability and 30 on the date of the ALJ's denial decision  She has a high school education and formerly worked as nurse assistant.  She claims to have been unable to work since March 5, 2010 as a result of anxiety and depression.

## The ALJ's Decision

The ALJ determined that there were no severe impairments from March 5, 2010 through March 30, 2012 and thereafter Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the limitation that she can perform simple tasks, defined as unskilled work with a specific vocational preparation (SVP) of 1 or 2, she can have superficial contact with co-workers and supervisors, but no contact with the general public.  Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence

for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred by failing to include all of Plaintiff's severe impairments in the RFC; the record is not fully developed on the question of whether she meets the "paragraph B" criteria of Listing of Impairment § 12.04; competitive employment would be eliminated by Plaintiff's absences from work; and the ALJ failed to perform a proper credibility analysis.

## Analysis

### Consideration of Severe Impairments

Plaintiff argues that the ALJ's decision should be reversed because at step two of the evaluative sequence, the ALJ found Plaintiff to have severe impairments of anxiety and depression, but he did not include her bi-polar disorder or post traumatic stress disorder (PTSD) diagnoses as severe impairments. The failure to mention all diagnoses in the decision or to find every diagnosis severe does not require remand.

At step two of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at step two. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate other impairments as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately,

would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016), *Mariaz v. Sec'y of Health & Human Servs.*, 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 287 Fed. Appx. 626, 629 (10th Cir. 2008).

Plaintiff also asserts that the effects of the additional diagnoses of bi-polar disorder and PTSD should have been included in the RFC. Aside from referring to her testimony, Plaintiff has not identified any evidence in the record that supports additional functional limitations that were not included in the RFC. The court finds that the ALJ appropriately considered the functional limitations from Plaintiff's impairments and that the RFC finding is supported by substantial evidence.

## Development of the Record

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: 1) activities of daily living; 2) social functioning; 3) concentration, persistence or pace; and 4)

episodes of decompensation of extended duration. See 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

The ALJ performed the PRT analysis; found Plaintiff had mild restrictions in activities of daily living, moderate restrictions in social functioning and in concentration, persistence, or pace, and no episodes of decompensation. [R. 14]. As required by the Commissioner's regulations, the ALJ discussed the evidence in the record that supported his PRT conclusions. The court finds there is no merit to Plaintiff's argument that the ALJ erred by failing to further develop the record as to the "paragraph B" criteria. The ALJ's decision demonstrates that he had sufficient information in the record to make the PRT findings, further they are supported by substantial evidence in the record.

To the extent Plaintiff's brief can be read as alleging that the ALJ erred by failing to include the moderate limitations found in the PRT analysis in the RFC, that argument is rejected. The Tenth Circuit has rejected the argument that an ALJ errs by failing to include moderate limitations in an RFC finding where, as here, the ALJ has incorporated the functional limitations supported by the record into the RFC. Smith v. Colvin, 821 F.3d 1264, 1269 (10th Cir. 2016). See also Virgil v. Colvin, 805 F.3d 1199, 1205 (10th Cir. 2015), Lee v. Colvin, 631 Fed.Appx. 538, 541-42 (10th Cir. 2015) (unpublished).

Absences From Work

The vocational expert testified that consistently having more than one absence from work per month would eliminate competitive employment. [R. 52]. Plaintiff asserts that her testimony established she would exceed one absence a month and therefore she cannot engage in competitive employment.

The ALJ did not accept Plaintiff's testimony as credible. In posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. *See Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Since the ALJ did not accept Plaintiff's testimony as true, the ALJ did not err in rejecting the testimony of the vocational expert based on a hypothetical question that included that testimony.

### Credibility

Credibility determinations are the province of the ALJ as factfinder. The court will not upset such findings if they are supported by substantial evidence and if they are closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). The ALJ is not required to make a formalistic factor-by-factor recitation of the evidence as long as the specific evidence relied on in evaluating credibility is set forth. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

The ALJ found Plaintiff's allegations were inconsistent with objective medical evidence. The ALJ noted that Plaintiff alleged disabling mental health limitations but there was no evidence of any treatment from the date of alleged onset through March 30, 2012. Plaintiff began receiving treatment on March 30, 2012, and the April 6, 2012 follow-up appointment she reported medication had been effective. [R. 16]. In addition, although Plaintiff was without medication for a while, she engaged in a somewhat normal level of daily activity. She reported improvements to her physicians and elected not to follow up with medications. [R. 17]. The ALJ noted Plaintiff made inconsistent statements regarding illegal substance use, [R. 17], and she has an overall poor work record, [R. 18]. The court

finds that the ALJ applied the correct legal standards, tied his credibility findings to the evidence, and his findings are supported by substantial evidence. Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding. The court views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)).

There is no merit to Plaintiff's assertion that the ALJ's credibility finding ignored the opinion of the state Disability Determination Service (DDS) psychologist. On the Disability Determination Explanation form completed at the initial level of decision, Burnard Pearce, PhD., answered yes to the questions whether Plaintiff's medically determinable impairments could be expected to produce her symptoms and whether her statements about the intensity, persistence, and functionally limiting effects of the symptoms are substantiated by the objective evidence. [R. 63]. However, Dr. Pearce opined that Plaintiff has the ability to work with the same limitations the ALJ included in the RFC.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 26th day of August, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE